UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JOHN F. WHOLEY, JR.,                 )
                                     )
        Petitioner,                  )
                                     )
v.                                   )        Civil No. 23-12566-LTS
                                     )
HONORABLE JUDGE HEATHER              )
BRADLEY, et al.,                     )
                                     )
        Respondents.                 )
_____)

MEMORANDUM AND ORDER

November 15, 2023

SOROKIN, J.

        For the reasons set forth below, the Court will dismiss the Petition for a Writ of Habeas

Corpus Under 28 U.S.C. § 2241 because the petitioner has not set forth a basis for this Court to

exercise habeas jurisdiction.

I.      BACKGROUND

        On October 27, 2023, John F. Wholey, Jr., a resident of Saint Augustine, Florida, filed a

filed a *pro se* pleading using the preprinted AO 242 form (Petition for a Writ of Habeas Corpus

Under 28 U.S.C. § 2241) to which he attached the first page of the Pro Se 1 form (Complaint for

a Civil Case) as well as numerous exhibits.  Doc. No. 1.  Wholey paid the filing fee of $5.00 for

an application for a writ of habeas corpus.  *See* 28 U.S.C. § 1914(a) (fees).

        Wholey's habeas petition consists primarily of a recounting of events surrounding his

2016 arrest in Hull, Massachusetts, for operating under the influence of alcohol as well his

unsuccessful efforts to have his Massachusetts driver's license restored.  Doc. No. 1.  The case

caption of the petition names the Hingham District Court as respondent.  *Id.*  Wholey contends that he is serving a sentence based upon the "Registry of Motor Vehicles – Lifetime Driver License ban."  *Id.*  at ¶ 4.  Wholey attempted to file a habeas petition with the Hingham District Court and states that it "was denied because [Wholey] was not in custody."  *Id.*  at ¶ 12.   For relief, Wholey seeks the following: "1) Receive [Wholey's] license[;] 2) To receive payment for the pain and suffering caused by the HDC and RMV[;] asking $325,000[;] Correct the policies that are in place in the probation department[;] 4) Explain why a Sheriff would come to [Wholey's] home and tell [Wholey] to stop contacting the Hingham Court and why the Plymouth District Attorney's Office and assistant district attorney Carolyn Blackwood would misplace [Wholey's] Writ of Habeas Corpus after confirming receipt[;] 5) Remove [Wholey's] name from the National Register to allow [Wholey] to apply in Florida."  *Id.*  at ¶ 15.  The cover letter accompanying Wholey's pleading identifies as defendants two judges, two probation officers, two clerk-magistrates, an assistant district attorney and a criminal defense attorney.

## II.   PRELIMINARY REVIEW OF THE HABEAS PETITION

The petition has not been served pending the Court's preliminary review of the document.  *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

Habeas corpus review is available under § 2241 if a person is "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3)(emphasis added).  The statute requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). This requirement serves to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Thus, in order for this Court to have jurisdiction over Wholey's petition, he must have been "in custody" under the sentence that he is attacking at the time his petition was filed.  *See Maleng*, 490 U.S. at 490.

Because Wholey is proceeding *pro se*, the Court will construe his petition generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).  However, as set forth below, Wholey has not set forth a basis for this Court to exercise habeas jurisdiction.

III.    <u>DISCUSSION</u>

A review of petitioner's filing reveals that the state court judgment about which he complains is not the cause of any current incarceration.  Instead, petitioner complains of the issues related to the suspension of his driver's license and alleged violations of his constitutional rights.  However, the loss of a driver's license is a collateral consequence of the criminal proceedings and does not satisfy the "in custody" requirement.  *See Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986) (per curiam); *Westberry v. Keith*, 434 F.2d 623, 624–25 (5th Cir.1970) (per curiam) (holding that revocation of the right to drive is not a sufficient restriction of liberty to permit federal courts to take habeas corpus jurisdiction). Although license suspension may involve hardship, "suspension of driving privileges is not the sort of severe

restraint on individual liberty for which habeas corpus relief is reserved." *Harts v. Indiana*, 732 F.2d 95, 96-97 (7th Cir.1984)) (quotation and brackets omitted).  Because Wholey has not satisfied the custody requirement of § 2241, the petition will be dismissed.

The Court finds that it is not in the interest of justice to construe Wholey's petition as a non-habeas civil complaint.  As a general matter, 28 U.S.C. § 2241 is the vehicle for challenging the fact of confinement and a civil rights action under 42 U.S.C. § 1983 is the vehicle for seeking damages and other relief for unconstitutional state action.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action].") (citation omitted).

The difference between habeas and non-habeas actions goes beyond mere labels.  The filing fee for a habeas petition is $5.00, while the filing fee for a non-habeas action is $402.00 (which includes a $52.00 administrative fee).  Habeas petitions and civil complaints are served in different manners. A habeas petition is served by the Clerk of the Court. In a non-habeas civil action, the plaintiff bears the burden of serving the summons and complaint upon each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Finally, the Court notes that damages are available in a non-habeas action, whereas they are not available in a habeas action. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").

4

V.      <u>CONCLUSION</u>

In accordance with the foregoing, the Petition for a Writ of Habeas Corpus Under 28

U.S.C. § 2241 is <u>DISMISSED</u>.  The Clerk shall enter a separate order of dismissal.

SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

5